UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHIRLEY PAYNE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> METROPOLITAN DEVELOPMENT COUNCIL, et al., <br><br> Defendants. | CASE NO. C11-5990 BHS <br><br> ORDER DENYING MOTION TO CONTINUE |

This matter comes before the Court on Plaintiffs' motion to continue the Court's pretrial scheduling order (Dkt. 17). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

On August 24, 2012, Plaintiffs filed a motion to continue the Court's pretrial scheduling order. Dkt. 17. On September 19, 2012, Defendants responded in opposition to Plaintiffs' motion. Dkt. 21.

ORDER - 1

1     In their motion, Plaintiffs seek a 45-day extension of all dates in the pretrial

2 scheduling order. Dkt. 17 at 2. The reason Plaintiffs ask for an extension is they

3 "recently discovered experts" who were not disclosed in their initial disclosures because

4 they only just had a "realization of the importance of the medical experts' testimonies"

5 after the "discovery cut-off date."[1] Dkt. 17 at 2.

6     Based upon Defendants' uncontroverted, sworn statements, in Plaintiffs' first

7 discovery responses, provided on June 26, 2012 (three weeks before the expert disclosure

8 deadline), Plaintiffs stated that certain medical providers would act as experts in their

9 case. Dkt. 21 at 6-10. Even before obtaining these responses, Defendants specifically

10 requested information about Plaintiffs' claims for physical and emotional damages. Dkts.

11 20 at 3 & 21 at 12-13. Each replied by denying Defendants' request for admission that

12 they did not suffer physical or mental damages. *Id*. Thus, before the expert disclosure

13 deadline, Plaintiffs knew that physical and emotional damages would be at issue.

14     Plaintiffs have not shown just cause, as required by Fed. R. Civ. P. 16(b), to

15 modify the Court's scheduling order. Based on the Defendants' uncontroverted facts,

16 Plaintiffs knew at least three weeks before their expert disclosure deadline that physical

17 and mental health providers were important to their case. Dkt. 21 at 6-10. The Court

18 finds the Plaintiffs' claim that they "recently realized" the importance of medical expert

19 testimony is an inadequate basis and not good cause to alter the scheduling order. Based

20

21     [1] Discovery did not close until September 24, 2012. Dkt. 13. Therefore, the Court
assumes, as do the Defendants, that Plaintiffs refer to the date for disclosure of experts, July 16,
22 2012, rather than the discovery cut-off deadline.

ORDER - 2

on the information before it, the Court finds the Plaintiffs have failed to exercise due diligence in pursuing discovery regarding their medical experts.

Therefore, it is hereby **ORDERED** that the Plaintiffs' motion to continue (Dkt. 17) is **DENIED**.

Dated this 5th day of October, 2012.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3