UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHIRLEY PAYNE, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>METROPOLITAN DEVELOPMENT COUNCIL, et al.,<br><br>                Defendants. | CASE NO. C11-5990 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants' summary judgment motion (Dkt. 23). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL & FACTUAL BACKGROUND

On December 1, 2011, four plaintiffs, including Lester Lewis, filed a complaint against their employer Metropolitan Development Council (the "Council"), Mark Pereboom, the Council's CEO, and Does 1-10 (collectively, "Defendants"). Dkt. 1. The complaint alleges state and federal employment discrimination based on age, retaliation

under RCW 49.60, negligent hiring and retention, and the tort of outrage. *Id.* On October 24, 2012, Defendants made a motion for summary judgment on all claims. Dkt. 23. On November 23, Plaintiffs replied in opposition. Dkt. 29. Plaintiffs' opposition brief was filed with declarations by three of the Plaintiffs, but none from the fourth, Lester Lewis ("Mr. Lewis"). *See id.* The only information in the response supporting Mr. Lewis's claims are the statements of the attorney writing the response; the other declarations offered no evidence sufficient to support Mr. Lewis's claims. *Id.* On November 29, the Court received a notice from mediator Margaret Keller indicating that the case had been resolved as to three of the four Plaintiffs; Mr. Lewis was the only remaining Plaintiff. Dkt. 30. On November 30, 2012, Defendants filed a reply brief, which included a letter advising the Court that they had settled with all Plaintiffs, excepting Mr. Lewis. Dkt. 31 at 1.

## II. DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

   The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B. Application of Summary Judgment Standard**

   Defendants correctly observe that Mr. Lewis has made no challenge to any of the facts asserted by the Defendants in their motion for summary judgment, including the declarations of Mark Pereboom, Deena Wallis York and Cynda Mack, which support

1  Defendants' motion. *See* Dkts. 31 and 29. Additionally, Mr. Lewis has failed to produce
2  any evidence to contradict Defendants' motion. In fact, his case rests on the broad, vague
3  allegations in his complaint and the statements made by his attorney in his opposition
4  brief, which contains no citations to factual assertions or any other evidence in the record
5  that would support Mr. Lewis's claims.
6       Defendants submitted a brief grounded in the record and supported by fact and
7  law, which persuasively argues that no genuine issues of material fact exist as to Mr.
8  Lewis's claims and seeks dismissal of his suit. Mr. Lewis failed to produce specific and
9  probative evidence sufficient to support that a genuine issue of material fact exists as to
10 any of his claims. Therefore, Defendants' motion for summary judgment is granted.

11 **III. ORDER**

12      It is hereby **ORDERED** that Defendants' motion for summary judgment as to Mr.
13 Lewis's claims (Dkt. 23) is **GRANTED**. There are no remaining Plaintiffs and this case
14 is closed.
15      Dated this 10th day of December, 2012.

                                     BENJAMIN H. SETTLE
                                     United States District Judge